Gibson J.,
delivered the opinion of the Court.
The motion fora new trial is urged on two grounds : 1st. That the extract of the letter from the plaintiff,, fortified, as it was, by the evidence of Mr. Levy, should have been admitted. 2d. That the damages are excessive.
1st. The loss of the original letter was sufficiently proved ; but the plaintiff being a merchant, must be presumed to have kept a letter-book containing a copy of the letter in question, which would have afforded better evidence than mere parol proof of its contents. Due notice should, therefore, have been given to produce it. The notice actually given, being only a few days before the trial, was, under all circumstances, too short; for the plaintiff had, for months before, left his residence in this city on a journey to the south, and notice to his counsel could not reasonably be expected to afford a fair opportunity to produce the copy of the óriginal, if such were in his possession. I cannot see how the suit itself could be notice ; for it is not founded on the letter, which neither party might, therefore, have reason to suppose would be called for. But if all other reasons should fail, that chiefly relied on by the Chief Justice, who tried the cause, would be amply sufficient. Mr. Levy did not pretend that either the extract offered, or his own recollection, embraced even the substance of the -whole letter. But it is urged that his offer to prove that the rest of it related, in no respect, to any matter in the cause, was equivalent to proof of the contents of the part not comprised in the extract. A decisive answer is, that for all this, we have only the opinion of a witness, (highly respectable for understanding and integrity I cheerfully admit,) who undertakes to say what the letter did not contain, without pretending to give an account of what it actually did contain; and although we would, in the present case, rely on Mr. Levy’s judgment with implicit confidence, yet, as every rule of evidence must he general, we would, if such evidence were competent, often be compelled to give credit to witnesses *426 who could not claim any thing like an equal degree of respect., There can seldom be a sound construction of written evi« dence, without adverting to all the parts and considering the operation of the whole : but the operation of the several parts on tjje exposition of the whole, is seldom if ever perceptible to any but a professional eye ; and the danger would, therefore be, that the Court, while they thought they were deciding on a view of the whole, would be giving a garbled construction from a consideration of but a part. There is no analogy between a case like this and a bill of discovery, where the defendant is compelled to furnish evidence against himself; for not being bound to permit his antagonist to pry into his affairs further than may be necessary for purposes of justice in the particular transaction embraced by the bill, ex-traits are necessarily sufficient where he swears they contain every thing relative to the subject on which information is sought; and of that he must, from the very nature of the case, be exclusively the judge. Every day’s experience must bring home to the conviction of all men, the insecurity of reliance on mere recollection ; and I care. not, therefore, how strictly the construction of written evidence may be protected from the insidious influence of parol proof. In this we have already relaxed too far.
2d. A new trial will always be granted for very excessive damages j but the difficulty is to find a standard of what may be proper. In trover the value of the property is usually the measure of the damages ; although the jury are justifiable in going further, wherever there has been outrage in the taking, or, as I apprehend, vexation or oppression in the detention. But where the value of the property is itself incapable of being ascertained with any thing like precision, as where it depends on the taste, fancy, or attachment of the owner, or, as in this case, on a contingency, a Court will be cautious in meddling with the estimate of the jury, to whom the assessment of damages peculiarly belongs. Here the drawer of the bill is insolvent, but he may, one day, be abundantly able to pay the whole debt, and this was a possibility proper to be valued by the jury ; and even taking it that the plaintiff might, in the event ot the drawer becoming solvent, recover against him without having possession of the bill, still it is obvious the want of it would throw difficulties in his way, for which the defendant ought to afford him a recompense, the amount of *427 which must, under all circumstances, be extremely uncertain. Here, then, the value oí the property, as being itself uncertain, could furnish but an imperfect guide ; and we, therefore, cannot say the jury have given too much, when they have given less than the nominal value. Beside, there was something like vindictiveness on the part of the defendant, which may have had its influence, and about which we cannot now inquire. The plaintiff must have judgment.
New trial refused.